Jennifer Hadley Catero (ASB #018380)
Rebecca Eckert-Fong (ASB #034767)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
E-Mail: jcatero@swlaw.com
reckert-fong@swlaw.com

*Attorneys for Plaintiff*
*Indiana Western Express, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Indiana Western Express, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>Harchand S. Deol, d/b/a DB Trucking, and Ricardo Avila Madrigal,<br><br>    Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Indiana Western Express, Inc. for its Complaint against Defendants Harchand S. Deol, d/b/a DB Trucking and Ricardo Avila Madrigal (collectively, "Defendants") hereby alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Indiana Western Express, Inc. ("IWX" or "Plaintiff") is an Indiana corporation with its principal place of business in Missouri. IWX is a motor freight company that hauls a variety of freight across the United States and Mexico.

2. On information and belief, Defendant Harchand S. Deol d/b/a DB Trucking is ("DB Trucking") is a California corporation with its principal place of business in California. On information and belief, DB Trucking is an interstate freight shipping and trucking company. On information and belief, DB Trucking, its agents, employees,

1. representatives, and others acting on its behalf maintain and operate trucks that are used on interstate roads and highways.

2. 3. On information and belief, Defendant Ricardo Avila Madrigal is a resident of California.

3. 4. On information and belief, Defendant Madrigal was an employee of DB Trucking at the time of the acts complained of herein and was acting within the scope and course of his employment by DB Trucking.

4. 5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. 6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The events giving rise to this action occurred in Mohave County, Arizona.

**GENERAL ALLEGATIONS**

7. On or about May 12, 2019, Mr. Madrigal was driving for DB Trucking heading westbound on I-40 at or near mile marker 12, approximately 13 miles southwest of Yucca, Arizona. Mr. Madrigal was driving in lane 1 of a two-lane highway. Jonathan Spangle, an IWX driver, was driving westbound on I-40 at or near mile marker 12, approximately 13 miles southwest of Yucca, Arizona in lane 2 of a two-lane highway.

8. On or around 11:23 am, the front right tire of the DB Trucking truck Mr. Madrigal was driving blew. Mr. Madrigal lost control of the DB Trucking truck, veered right, and crashed into Mr. Spangle, who was driving an IWX truck. Mr. Madrigal's truck drove Mr. Spangle and the IWX truck off of the road, causing both trucks to crash onto their sides on the right shoulder of the westbound lane. *See* Smart Drive video, copy attached hereto as Exhibit A;[1] *see also* Arizona Crash Report, a copy of which is attached hereto as Exhibit B.

9. The accident occurred on I-40 westbound, at or near mile marker 12,

---

[1] Plaintiff is filing under separate cover a Motion for Leave to File a Non-Electronic Exhibit with the Court pursuant to Fed. R. Civ. Pro. 7(b)(1) and Local Rule 5.5(c).

approximately 13 miles southwest of Yucca, Arizona.

10. On information and belief, at the time of the crash, Mr. Madrigal was wearing a telephone headset and appeared to be distracted. *See* Ex. A.

11. The accident caused extensive damage to IWX's equipment and property within IWX's truck. As a result of the crash, IWX suffered a loss, including among other things, (1) 2019 Freightliner, New Cascada, Unit #1426, 41,155 miles ($165,979); (2) 2018 Great Dane, Supper Seal Trailer, Unit # 533 ($47,412); (3) 2019 Thermo King, 4,959 hours ($37,412); (4) Patriot Environmental Services, Hazardous Cleanup and Recovery ($10,889.50); (5) FMCSA Recordable Accident, Driver Drug Screens ($75.05); (6) Coca-Cola Cargo claim ($103,164.46); (7) loss of use of a 2019 Freightliner as of August 5, 2019 ($12,750 (85 days at $150 per day)); (8) loss of use of a 2018 Great Dane/Thermo King as of August 5, 2019 ($12,750 (85 days at $150 per day)).

12. IWX will continue to incur damages for the loss of use of the vehicle up to and including January 1, 2020.

13. Additionally, Mr. Spangle was injured in the crash. As a result of the crash, IWX has been required to provide Worker's Compensation benefits for Mr. Spangle, including medical expenses and lost time from work.

## COUNT I – NEGLIGENCE
### (Against All Defendants)

14. IWX incorporates herein by reference the preceding paragraphs as if fully set forth herein.

15. At all times herein mentioned, DB Trucking, its agents, employees, representatives, and others acting on its behalf maintain and operate trucks that are used on interstate roads and highways.

16. On information and belief, Mr. Madrigal was a driver, employee, under contract and/or an agent for DB Trucking and was acting within the course and scope of his employment by DB Trucking at the time of the acts complained of.

17. At all times herein mentioned, DB Trucking, its agents, employees,

1  representatives, or others acting on its behalf owed a duty of care to, among other things,
2  exercise reasonable care in maintaining its trucks.

3      18.    At all times herein mentioned, DB Trucking, its agents, employees,
4  representatives, or others acting on its behalf and Mr. Madrigal owed a duty of care to,
5  among other things, operate and drive its trucks reasonably and safely.

6      19.    DB Trucking, its agents, employees, representatives, or others acting on its
7  behalf, and Mr. Madrigal breached their duty of care by, among other things, (i) negligently
8  operating and driving its truck on the roads and highways and (ii) negligently maintaining
9  its truck(s).

10     20.    Defendants' breaches of duty proximately caused IWX's damages including,
11 among other things, (i) costs for a 2019 Freightliner, New Cascada, Unit #1426; (ii) costs
12 for a 2018 Great Dane, Supper Seal Trailer, Unit # 533; (iii) costs for a 2019 Thermo King;
13 (iv) costs for Patriot Environmental Services, (v) costs for hazardous cleanup and recovery;
14 (vi) costs for FMCSA Recordable Accident, (vii) costs for Driver Drug Screen; (viii) costs
15 for CoCa-Cola Cargo claim; (ix) costs for loss of use of a 2019 Freightliner; (x) costs for
16 loss of use of a 2018 Great Dane/Thermo King; and (xi) costs for worker's compensation.

17     21.    But for Defendants' negligence, as described above, IWX's damages would
18 have been avoided. Thus, as a direct and proximate result of the Defendants' negligence,
19 IWX has been damaged in an amount to be determined at trial.

20     22.    As of the date of this Complaint, IWX has suffered damages in the amount of
21 at least $412,717.80.

## COUNT II – VICARIOUS LIABILITY
### (Against Defendant DB Trucking)

24     23.    IWX incorporates herein by reference the preceding paragraphs as if fully
25 set forth herein.

26     24.    On information and belief, Mr. Madrigal, in committing the above described
27 negligence, thereby causing harm to IWX, was acting under a partnership, joint venture,
28 agency, apparent agency, contractual, and/or employment relationship with DB Trucking.

25. DB Trucking is liable for the negligence of Mr. Madrigal under one or more of the following theories: agency relationship, respondeat superior, and/or vicarious liability.

26. On information and belief, the negligent acts of Mr. Madrigal were within the course and scope of his partnership, joint venture, agency, apparent agency, contractual, and/or employment relationship with DB Trucking. Therefore, DB Trucking is vicariously liable for damages sustained by IWX as a result of the negligent act of Mr. Madrigal.

27. As a result of the above described acts, IWX suffered damages including, among other things, (i) costs for a 2019 Freightliner, New Cascada, Unit #1426; (ii) costs for a 2018 Great Dane, Supper Seal Trailer, Unit # 533; (iii) costs for a 2019 Thermo King; (iv) costs for Patriot Environmental Services, (v) costs for hazardous cleanup and recovery; (vi) costs for FMCSA Recordable Accident, (vii) costs for Driver Drug Screen; (viii) costs for CoCa-Cola Cargo claim; (ix) costs for loss of use of a 2019 Freightliner; (x) costs for loss of use of a 2018 Great Dane/Thermo King; and (xi) costs for worker's compensation.

28. But for Defendants' negligence, as described above, IWX's damages would have been avoided. Thus, as a direct and proximate result of the Defendants' negligence, IWX has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For judgment in favor of Plaintiff IWX and against Defendants DB Trucking and Ricardo Avila Madrigal on the claims set forth above;

B. For damages arising out of Defendants' negligent conduct, including but not limited to, an award of actual, compensatory, incidental, consequential damages, and/or other damages in the amount to be proven at trial;

C. For an award of its reasonable attorneys' fees;

D. For an award of its costs and prejudgment interest at the highest rate allowable by law; and

E. For such additional relief as the Court deems just and proper under the circumstances.

DATED this 3rd day of September, 2019.

SNELL & WILMER L.L.P.

By: s/ Jennifer Hadley Catero
Jennifer Hadley Catero (#018380)
Rebecca Eckert-Fong (#034767)
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
*Attorneys for Plaintiff*
*Indiana Western Express, Inc.*

4852-1347-2157.2

- 6 -