**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Indiana Western Express Incorporated, | No. CV-19-08257-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Harchand S. Deol, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to

invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted).

Plaintiff brings this action asserting diversity as the sole basis of the Court's subject matter jurisdiction. (Doc. 1 ¶ 5.) Plaintiff failed to allege the *citizenship* of Defendant Madrigal. (*Id.* ¶ 3.) This can be pled on information and belief. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff").

**IT IS ORDERED** that by **September 19, 2019**, Plaintiff shall file a supplement to the complaint properly alleging the citizenship of Defendant Madrigal.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file its supplement, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 6th day of September, 2019.

Dominic W. Lanza
United States District Judge